IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 17-cr-00197-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     CHRISTOPHER KELLY

        Defendant.

_____

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**
_____

Defendant Christopher Kelly, by and through undersigned counsel, hereby moves this Court for an Order to exclude 90 days from the Speedy Trial Act computations, and in support thereof, states as follows:

**PROCEDURAL HISTORY**

1.     On June 7, 2017, an indictment was filed against Mr. Kelly, charging him with a violation of 26 U.S.C. §7201. *See* Doc. No. 1[1].

2.     On June 27, 2017 Mr. Kelly was arraigned on the indictment and entered a plea of not guilty. The Court noted on that day that the 70-day date was September 5, 2017. *See* Doc. No. 9. The Court set a motions filing deadline of June 26, 2017, a Final

---

[1] "Doc." Refers to the clerk's docket number.

1

Trial Preparation Conference for August 22, 2017 and a Jury Trial date of August 28, 2017. *See* Doc. No. 11.

    3.    On June 30, 2017, the government tendered to the defense a disc of discovery, as well as an index of the documents included in that discovery. The documents tendered so far number approximately 13,000 pages.

## **LAW REGARDING REQUESTS FOR CONTINUANCES**

    4.    This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time.

*See id.* at 1271.  Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  *See id.* at 1271-72.

     5.     In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

     6.     Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

     7.     The ends of justice served by this requested delay outweigh the best interest of the public and the defendant. First, proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation. The indictment alleges a history of tax evasion by Mr. Kelly.  The discovery includes thousands of documents, including bank records, tax records, receipts, and investigative reports. Review of such voluminous discovery – particularly with an eye toward Mr. Kelly's spending habits in relation to his alleged debts- will require many hours of careful examination. Only after this examination will counsel be

prepared to track down potential witnesses, conduct any necessary investigations, and prepare pretrial motions. Further, only after a thorough evaluation of this voluminous evidence and completion of any investigations can defense counsel fully advise Mr. Kelly as to his rights, options, and potential strategies.

8. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

9. First, defense counsel has been diligent in both of her review of the discovery and in the timeliness of this request. Defense counsel has begun review of the discovery and is in the process of a full organization of the types of documents included. Further, defense counsel has shown diligence in this request by making it seven weeks before the scheduled jury trial.

10. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 90 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery, but also to evaluate that discovery for potential pre-trial motions issues and the need for further investigation. This type of thorough evaluation is necessary to advise Mr. Kelly as to his options and potential strategies for his defense. This 90-day continuance would allow defense counsel time to accomplish these purposes, all of which are necessary to providing Mr. Kelly with full and effective assistance of counsel. Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S.

Attorney Pegeen Rhyne has indicated that she will not oppose this motion, and has no known issues with witness availability or scheduling.

11.     The final W*est* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial.  The need for the continuance is described throughout this motion.  Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary).  Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Kelly's right to be effectively represented in these proceedings will be seriously damaged.

## **CONCLUSION**

Wherefore, Mr. Kelly respectfully requests this Court for an Order vacating all current deadlines and trial date and excluding 90 days from the Speedy Trial Act computations,  as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary.Butterton@fd.org
Attorney for Defendant

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2017, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Pageen Rhyne, Assistant United States Attorney
    Email: Pageen.Rhyne@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Christopher Kelly    (via Mail)

    s/Mary V. Butterton
    Mary V. Butterton
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Mary_Butterton@fd.org
    Attorney for Defendant